USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: NOV 23 2005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
LINDSEY J. WALKER,

                    Plaintiff,

     -against-

THE JON RENAU COLLECTION, INC.,

                    Defendant.
-------------------------------------------------------------------x

MEMORANDUM DECISION
AND ORDER
05 CV 6781 (GBD)

GEORGE B. DANIELS, District Judge:

Plaintiff Lindsey Walker ("Walker") filed this action for patent infringement against Defendant The Jon Renau Collection, Inc. ("Jon Renau"). The defendant seeks to transfer this case to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1404(a). The motion is granted.

## BACKGROUND

Walker, a citizen and resident of the United Kingdom, holds United States Patent No. 5,501,239 ("the '239 patent"), entitled "Hair Piece Using Decorative Clip." Compl. ¶ 7-8. The '239 patent covers a style of "bulldog" or "butterfly" hair clip which has a "switch" of hair attached to it. Compl. ¶ 7. Jon Renau is a California corporation with its principal place of business in San Diego. Decl. of John Reynolds ¶ 2. Walker alleges Jon Renau has sold products, including the "Rampage" and "Breathless" styles of hair clips, which knowingly infringe the '239 patent. Compl. ¶ 11. Walker further alleges that these sales have taken place on the internet as well as in New York retail stores. Compl. ¶¶ 12-14.

## DISCUSSION

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest

of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This statute gives district courts discretion to transfer cases according to "an individualized, case-by-case consideration of convenience and fairness." Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). In determining whether to grant a motion for change of venue, the district court must first determine if the plaintiff could have commenced the case in the proposed transferee forum. See Dahl v. HEM Pharmaceuticals Corp., 867 F. Supp. 194, 195 (S.D.N.Y. 1994). Plaintiff does not dispute that this action could have been brought in the Southern District of California.[1]

Section 1404(a) is concerned with both "'private interest factors' affecting the convenience of the litigants" and "'public interest factors' affecting the convenience of the forum."[2] Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981) (citation omitted). The private interest factors include:

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interest of justice, based on the totality of the circumstances.

MBCP Peerlogic LLC v. Critical Path, Inc., No. 02 Civ. 3310(SWK), 2002 WL 31729626, *3

---

[1] Venue in patent infringement actions is governed by 28 U.S.C. § 1400(b), which provides in part that such actions "may be brought in the judicial district where the defendant resides..." A corporation is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

[2] The public interest factors include court congestion, the interest in deciding localized controversies where they occur, and the appropriateness of a forum when state law must govern. See Pergo, Inc. v. Alloc, Inc., 262 F. Supp. 2d 122, 129 (S.D.N.Y. 2003). Neither party has presented arguments based on the public interest factors, nor would they change the outcome under the private factor analysis.

2

(S.D.N.Y. Dec. 5, 2002) (citing Constitution Reins. Corp. v. Stonewall Ins. Co., 872 F. Supp. 1247, 1250 (S.D.N.Y. 1995)).

The moving party must demonstrate through clear and convincing evidence "that the balance of convenience favors the defendant's choice." Hall v. South Orange, 89 F. Supp. 2d 488, 494 (S.D.N.Y. 2000) (citations omitted); see also Worldcom Technologies, Inc. v. ICC Intelea Communications, Inc., 37 F. Supp. 2d 633, 638 (S.D.N.Y. 1999). The convenience of the witnesses is generally viewed as the most important factor in the analysis. Aerotel, Ltd. v. Sprint Corp., 100 F. Supp. 2d 189, 197 (S.D.N.Y. 2000). The moving party must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover. Factors Etc. v. Four Seasons Hotels, Ltd., 579 F.2d 215, 218 (1978), overr'd on other grounds, Pirone v. MacMillan, Inc., 894 F.2d 579 (2d Cir. 1990). Defendant Jon Renau contends that all employees with personal knowledge of the issues in dispute "reside and/or have their primary place of business in California." Def.'s Mem. of Law in Supp. 9. More specifically, the President of Jon Renau states that the company's Accounts Manager, Director of Operations, Product Development and Quality Control Manufacturer, and Creative Director and Sales Manager, as well as himself, will testify at trial concerning relevant facts and the allegedly infringing product lines. Supplemental Decl. of John Reynolds ¶ 6. Plaintiff Walker does not specify any potential witnesses or the testimony that they would provide. Both witnesses and relevant documents are primarily to be found in California.[3]

The convenience of the parties and their relative means, taken together, also weigh in

---

[3] The location of documents, "is neutral '[i]n today's era of photocopying, fax machines and Federal Express.'" Aerotel, Ltd., 100 F. Supp. 2d at 197 (quoting Coker v. Bank of America, 984 F. Supp. 757, 766 (S.D.N.Y. 1997)).

favor of transfer. Defendant states that it is a "small, closely held company" and the prosecution of this case in the Southern District of New York would "impose a hardship" on it. Def.'s Mem. of Law in Supp. 9. Plaintiff contends that she runs "a small company...primarily by [herself]," and that prosecution of this case in California would be "significantly more inconvenient and expensive" for her. Decl. of Lindsey Walker ¶¶ 9-10. However, she concedes that she will have to travel from London regardless of the chosen forum. Pl.'s Mem. of Law in Opp'n 12. Neither party has produced any documentary evidence of its relative means, and plaintiff does not argue that she would be unable to continue with the case if it were transferred.

A "mere shifting of inconveniences" is not sufficient to transfer a case. Arrow Electronics, Inc. v. Ducommun, Inc., 724 F. Supp. 264, 266 (S.D.N.Y. 1989) (citing Finkielstain v. Seidel, 692 F. Supp. 1497, 1509-10 (S.D.N.Y. 1988), aff'd in part, rev'd in part, 857 F.2d 893 (2d Cir. 1988)). However, a transfer of this case would not simply shift the inconvenience from defendant to plaintiff. If the case remains before this Court, both parties will be forced to travel thousands of miles to New York as the case proceeds. If the case is transferred, the hardship of travel on defendant will be eliminated, while the hardship of travel on plaintiff will only slightly be increased, since she would have to travel from London regardless of where the case is decided. See Coker, 984 F. Supp. 765-66 (rejecting a Nigerian plaintiff's argument that New York was more convenient than New Mexico, and holding that an additional flight from New York to New Mexico is not significantly inconvenient). The overall convenience of the parties and witnesses would be served by transferring this case to California.

While a plaintiff's choice of forum is entitled to some amount of deference, "a foreign resident's choice of a U.S. forum should receive less consideration" than a plaintiff suing in his

4

or her home forum. Iragorri v. United Technologies Corp., 274 F.3d 65, 71 (2d Cir. 2001) (*en banc*); see also Micromuse, Inc. v. Aprisma Management Technologies, Inc., No. 05 Civ. 894 (SAS), 2005 WL 1241924, *2 (S.D.N.Y. May 24, 2005) ("[W]hen the plaintiff is a nonresident and the operative facts bear little connection to the chosen forum, plaintiff's choice is shown less deference") (citing Invivo Research Inc. v. Magnetic Resonance Equip. Corp., 119 F. Supp. 2d 433, 438 (S.D.N.Y. 2001)). Plaintiff is not a United States resident, and thus the amount of deference given to her forum choice will depend on the locus of the operative facts. "Operative facts in a patent infringement action include facts relating to the design, development, and production of a patented product." Invivo Research, Inc., 119 F. Supp. 2d at 439.

Plaintiff does not contend that the design, development, or production of the allegedly infringing products occurred in this District, instead arguing that the products have been sold in this District. Defendant and plaintiff disagree on the amount of the sales that occur in New York. See Decl. of John Reynolds ¶ 8; see also Decl. of Lindsey Walker ¶ 13-14. Without purporting to resolve this disputed fact, the locus of the operative facts is the Southern District of California. Assuming *arguendo* that the level of New York sales is indeed higher than defendant claims, the design and development of the allegedly infringing products did not occur in this District. The products were manufactured abroad. Once the products were imported into California, defendant took orders in San Diego, and shipped the products from its operations located there. Decl. of John Reynolds ¶ 4. Where the nexus of the allegedly infringing activity is in the transferee District, it is insufficient to find a connection to New York based solely on sales of the product that took place here. Pergo, Inc. v. Alloc, Inc., 262 F. Supp. 2d 122, 129-30 (S.D.N.Y. 2003); see also Coloplast A/S v. Amoena Corp., No. 92 Civ. 3432(MBM), 1992 WL 346359, *2 (S.D.N.Y.

Nov. 18, 1992) ("[S]ales alone are not enough to establish a material connection to the forum if, as is true here, defendant's goods are sold in many states") (internal citation, quotation marks, and alteration omitted). Therefore, plaintiff's choice of forum will be accorded little deference.[4]

Finally, the interests of justice and trial efficiency weigh in favor of transfer. This is a patent infringement lawsuit between a foreign plaintiff and a California defendant, with no relationship to New York other than a portion of sales. Furthermore, this case is still in the beginning stages. The complaint was filed less than four months ago, and defendant's answer was filed at the same time as the instant motion. "In sum, there has not yet been a significant investment by the Southern District of New York in this case in terms of either time or work." Invivo Research, Inc., 119 F. Supp. 2d at 439.

## CONCLUSION

The interests of justice would be better served by transferring this case. Accordingly, defendant's motion to transfer this case to the Southern District of California is granted.

Dated: New York, New York
November 22, 2005

SO ORDERED: NOV 2 3 2005

HON. GEORGE B. DANIELS
United States District Judge

---

[4] The availability of process to compel attendance of unwilling witnesses, is neutral in this case since defendant can compel the testimony of its own employees without resorting to a subpoena, and plaintiff has not specified any probable third-party witnesses under the subpoena power of this Court.
The forum's familiarity with governing law, is also unhelpful in deciding the instant motion since both the Southern District of California and the Southern District of New York "are equally well-equipped to decide the patent claims at issue." See Aerotel, Ltd., 100 F. Supp. 2d at 197.